

# The Attorney General of Texas

August 10, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable John J. Kavanagh, M.D.
Commissioner
Texas Department of Mental Health
  and Mental Retardation
Box 12668, Capitol Station
Austin, Texas 78711

Opinion No. H-1227

Re: Whether the Texas Department of Mental Health and Mental Retardation may furnish housing facilities, meals, and laundry service to employees who are interns in disciplines that are not medically related.

Dear Commissioner Kavanagh:

You have requested an opinion regarding construction of a provision of the Appropriations Act applicable to the Board of Health Resources, the Texas Youth Council, and the Texas Department of Mental Health and Mental Retardation. The provision, first placed in the Appropriations Act in 1959, provides:

> As compensation for services rendered, any institution under the jurisdiction of the respective governing boards may provide free meals for food service personnel and volunteer workers, and may furnish housing facilities, meals and laundry service in exchange for services rendered by <u>interns</u>, chaplains in training, and student nurses.

(Emphasis added). Acts 1977, 65th Leg., ch. 872, art. II, § 2(b), at 2797.

You are specifically concerned with the proper construction to be given "interns." The issue is whether "intern" means a medical intern, a doctor in training after completion of medical school, or extends to individuals in training in other disciplines such as psychology, occupational therapy and recreational therapy. We find no direct guidance from the legislature or the courts construing the word "intern." Intern has been defined as

> an advanced student or recent graduate in a professional field (as teaching) who is getting practical experience under the supervision of an experienced worker. . . .

Webster's Third New International Dictionary 1180 (3rd ed. 1961).

In giving meaning to "interns" we must examine the purpose and intent of the legislature in giving meals, housing, and laundry services as compensation to student nurses, chaplains in training, and interns. We believe that the purpose of this allowance is to provide additional compensation to employees in professional training who are customarily paid a low or nominal salary. In 1959, when the rider first appeared, the Appropriations Act provided student nurses with the lowest salary of all positions specified for the state hospital, special schools, and the Texas Youth Council. There was no classified position for a "chaplain in training," although there were positions of "chaplain." The word intern was used to describe only one classified position — "Clinical Psychologist Interne" — whose salary was below average. Acts 1959, 56th Leg., 3d C.S., ch. 23, at 491. We note that this use of "intern" by the legislature in 1959 was not referring to a physician intern. The clinical psychologist intern was not listed with the "medical series" positions. This leads us to conclude that the word "intern" should be broadly defined to include individuals in training to acquire experience which might lead to professional status, i.e., therapists, psychologists. We note that under article II, section 2(b) of the 1977 General Appropriations Act, employees who are not interns, chaplains in training, or student nurses must pay for meals, lodging, and laundry.

## SUMMARY

The Texas Department of Mental Health and Mental Retardation may furnish housing, meals, and laundry service to employees who are interns in nonmedically related disciplines.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn